UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60592-CIV-COHN/SNOW

PROMARK ENGINEERED SYSTEMS
INC., a Florida Corporation

    Plaintiff/ Counter-Defendant,

vs.

TYCO HEALTHCARE GROUP LP, a
Delaware Limited Partnership d/b/a
TYCO/HEALTHCARE/KENDALL,

    Defendant/ Counterclaimant.

_____/

**ORDER DENYING COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**

THIS CAUSE is before the Court upon Plaintiff Promark Engineered Systems, Inc.'s ("Promark") Motion to Dismiss Defendant Tyco Healthcare Group's ("Tyco") Counterclaim [DE 8]. The Court has carefully considered the Motion, Tyco's Response [DE 10], and Promark's Reply [43] and is otherwise fully advised in the premises. The motion became ripe on June 18, 2007.

I. BACKGROUND

According to Tyco's Counterclaim [DE 3], in March 2005, Promark and Tyco entered into an agreement in which Promark contracted to design, engineer, fabricate, test, and deliver one "fully automated Dual Line, Hot Stamp Barrel printing machine for 3cc syringe Barrels" in accordance with Tyco's design specifications. Promark agreed to design the system in conformity with "all applicable customer requirements identified in the machine specification and related documents." Exhibit "A" to Complaint [DE 1].

Tyco claims that Promark failed to comply with numerous material terms of its Machine Design Specification [DE 3, Exhibit "1"], including:

    I.      Plaintiff did not manufacture a Machine that meets Tyco Healthcare's Machine Design Specifications.

    ii.     Plaintiff has failed to produce a machine that is acceptable or that can be used for its intended purpose.

    iii.    Plaintiff has refused to perform the required Acceptance Tests for the Machine.

    iv.    Plaintiff has refused to fabricate a Machine that is in compliance [with] F.D.A. (Food and Drug Administration) and O.S.H.A. (Occupational Safety and Hazard Authority) federal regulatory provisions.

[DE 3]. Tyco claims that Promark has persisted in refusing to perform in accordance with the parties' agreement despite Tyco's attempts to convince Promark to make the necessary corrections. Tyco promised to pay a total of $437,980, following an installment schedule, of which $175,192 has been paid and $262,788 remains. Consequently, Tyco brought counterclaims for breach of contract, unjust enrichment, and rescission.

     Promark counters that Tyco's refusal to accept the completed machine is unjustified. Although the parties' original agreement specified that Promark would follow the customer's requirements as identified in a machine specification document, Promark claims that the companies never reached agreement regarding these specifications, and that Tyco's Machine Design Specification is thus irrelevant.

Promark continues that confusion arising from an extensive employee turnover at Tyco resulted in new management's development of machine specifications that were impossible, nonsensical, and irrelevant to the machine's purpose.  Also, Promark asserts that it complied with the few relevant, possible, germane specifications listed in Exhibit "1."  Promark argues that because Exhibit "1" should not be considered by the Court, Tyco's claims are nothing more than conclusory allegations lacking the specificity necessary to state a claim.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

In the Motion to Dismiss, Promark asserts that Tyco's counterclaims should be dismissed due to inadequacy of the pleading, under Federal Rule of Civil Procedure 8(a)(2), and for failure to state a claim upon which relief may be granted, under Rule 12(b)(6).  A complainant satisfies Rule 8(a)(2) with "a short and plain statement of the claim showing that the pleader is entitled to relief."  The statement need not allege specific facts, but it must provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41 (1957)).  Although a complaint does not require detailed factual allegations in order to be legally sufficient under Rule 12(b)(6), the complaint must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 1964-65; see also Pfeil v. Sprint Nextel Corp., 2007 WL 1655848 (N.D. Fla. 2007), Whitney v. County of Collier, 2007 WL 1655853 (M.D. Fla. 2007).  The court must accept all

factual allegations in a complaint as true and evaluate them in the light most favorable to the plaintiff. Erickson v. Pardus, — U.S. —, 127 S.Ct. 2197 (2007).

### B.  Machine Design Specification

The Court may consider documents referred to in a complaint in evaluating a motion to dismiss, without converting the motion to dismiss into a motion for summary judgment, if the documents are central to the complainant's claim. Bickley v. Caremark RX, Inc. 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006) (citing Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1369 (11th Cir. 1997) (opinion of then United District Court Judge Stanley Marcus attached to Eleventh Circuit opinion)).  In the instant case, although Tyco both attached and referred to Exhibit "1" (albeit by a different name: "Machine Design Specification") in its Counterclaim, Tyco failed to allege that the document became part of the parties' contract or was relevant in any other way.  In fact, Tyco never even alleged that it showed the Machine Design Specification to Promark prior to the lawsuit.  Consequently, the Court is unable to conclude that the document is central to Tyco's claim and will evaluate the merits of the Counterclaim without considering the exhibit.

### C.  Breach of Contract

To maintain a cause of action for breach of contract under Florida law, a complainant must allege (1) the existence of a contract, (2) breach of that contract, (3) and resultant damages. Burstein v. First Penn-Pacific Life Insurance Co., 2002 WL 34186960, *4 (S.D. Fla. 2002) (citing Mobile Oil Corp. v. Dade County Esoil Management, 982 F.Supp. 87 (S.D. Fla 1997)).  The threshold of sufficiency for a

breach of contract claim is "exceedingly low." Id. at *3 (citing Anacata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985). Promark's claim that the Supreme Court's recent decision in Bell Atlantic "dramatically changed" the standard for a motion to dismiss [DE 14] greatly exaggerates the change that occurred. While Bell Atlantic rejected the "no set of facts" language from Gibson v. Conley, 355 U.S. 41 (1957), it also extensively cites to and quotes from that case as binding precedent. As discussed above, fair notice and factual allegations supporting a non-speculative claim are required, but detailed factual allegations are not. The Court will evaluate the Counter-claimant's allegations following the Bell Atlantic requirements.

    Tyco alleges that the parties executed a contract that includes a provision requiring that Promark meet Tyco's machine design specifications [DE 3 at 2nd ¶ 9]. Tyco successfully incorporated this contract, which was attached to Promark's Complaint as Exhibit "A," into its Counterclaim by referring to it and explaining its centrality to the claim. See Bickley, 461 F.3d at 1329 n. 7. Consequently, the Court easily concludes that the first element of the breach of contract claim has been alleged with sufficient factual detail to satisfy Rules 8(a)(2) and 12(b)(6). The second element, breach, is satisfied by Tyco's claim that Promark did not manufacture a machine that meets Tyco's machine design specifications. While some of Tyco's claims, such as that the machine is not "acceptable," lack enough factual backing to rise above the speculative level, the allegation that Promark promised to follow Tyco's machine design specifications but did not is not speculative and is sufficiently clear to put Promark on notice of the claim. The third element, damages, is sufficiently alleged by the inclusion

of the cost already paid to Promark.

### D.  Unjust Enrichment

A claim for unjust enrichment under Florida law requires that the plaintiff allege facts suggesting that "(1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for the value thereof to the plaintiff." Peoples National Bank of Commerce v. First Union National Bank of Florida, N.A., 667 So.2d 876, 879 (Fla. 3d DCA 1996); see also Swafford v. Schweitzer, 906 So.2d 1194, 1195 (Fla. 4th DCA 2005).

Tyco has alleged that it paid $175,192 to Promark to date.  This benefit has been knowingly and voluntarily kept by Promark.  Furthermore, Tyco states that it would be inequitable for Promark to keep the money without providing Tyco with a machine in compliance with their contract.  Consequently, all elements of the unjust enrichment claim have been alleged sufficiently.

### E.  Rescission

Rescission is comprised of six elements: (1) the character or relationship of the parties, (2) the making of the contract, (3) grounds for rescission, (4) the party seeking rescission has done so and informed the other party to the contract, (5) if the rescinding party has received benefits from the contract, it should allege an offer to restore the benefits if possible, and (6) no adequate remedy is available at law.  Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla. 2d DCA

1965).

In the instant case, Tyco has alleged the facts pertinent to the cause of action, including that a contract was made between the parties, the contract has not been fulfilled, and that it has no adequate remedy at law.

### III. CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** that Counter-Defendant's Motion to Dismiss [DE 8] is hereby **DENIED**. Promark shall file an Answer to the Counterclaim by July 13, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of June, 2007.

JAMES I. COHN
United States District Judge

copies to:

Mary M. Schneider, Esq./John Kelso, Esq.

Paul Lopez, Esq./Richard Petrovich, Esq.