UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60592-CIV-COHN/SELTZER

PROMARK ENGINEERED SYSTEMS
INC., a Florida Corporation

      Plaintiff/ Counter-Defendant,

vs.

TYCO HEALTHCARE GROUP LP, a
Delaware Limited Partnership d/b/a
TYCO/HEALTHCARE/KENDALL,

      Defendant/ Counterclaimant.

_____/

## ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO SUBSTITUTE EXHIBIT TO COUNTERCLAIM

THIS CAUSE is before the Court upon Defendant Tyco Healthcare Group's ("Tyco") Motion to Substitute Exhibit to Counterclaim [DE 48].  The Court has carefully considered the Motion,  Plaintiff Promark Engineered Systems, Inc.'s ("Promark") Response [DE 53], and Tyco's Reply [DE 55], and is otherwise fully advised in the premises.  The motion became ripe on February 21, 2007.

Tyco moves to substitute the exhibit to its counterclaim [DE 8].  This 24-page document, the machine design specifications that are at the crux of the parties' dispute in this litigation, apparently exist in various iterations.  Tyco seeks to substitute a later version of the document that it now believes controls the agreement between the parties.   Plaintiff strongly objects to the substitution, arguing that such a move is a late amendment of pleadings that would prejudice Plaintiff in this litigation.   Plaintiff also alleges that it was not made aware of the document until January 28, 2008 during a deposition.

In reply, Tyco points out correctly that all it seeks is to use the document as an exhibit to the counterclaim, not seek Court approval of its applicability to the dispute at this time.  Whether the Court has to rule on its admissibility at trial or ultimately have to rule on whether it is part of the parties' contract is not presently before the Court.  Tyco is essentially asking for the Court to conform the pleadings to the evidence, an act that is allowed under the Federal Rules as late as during a trial.  In addition, Tyco puts forth deposition testimony that the document in question was discussed during depositions in November of 2007.

The Court has reviewed all relevant filings, and understands that whether this exhibit is deemed to control the parties' relationship is at the crux of the parties' dispute.  In its discretion, the Court grants Tyco's motion, and will allow the document to be substituted as the exhibit to the Counterclaim.  This substitution does not amend the claims of the counterclaim, but merely clarifies Tyco's position as to what document it contends controls the parties' relationship.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Tyco Healthcare Group's ("Tyco") Motion to Substitute Exhibit to Counterclaim [DE 48] is hereby **GRANTED**.  The Court deems the 24 page document attached to Tyco's motion [DE 48] as substituted for the exhibit to the Counterclaim [DE 8].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of March, 2008.

JAMES I. COHN
United States District Judge

copies to:
Mary M. Schneider, Esq./John Kelso, Esq.
Paul Lopez, Esq./Richard Petrovich, Esq.